RECEIVED
IN LAKE CHARLES, LA
APR 2 3 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JULIE A. ASTON | : | DOCKET NO. 2:06 CV 456 |
| VS. | : | JUDGE MINALDI |
| ALBERTO GONZALES | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 9] filed on behalf of defendant Alberto Gonzales. The plaintiff, Julie A. Aston, has filed an opposition to which the defendant has filed a reply.

## BACKGROUND

At all times relevant to this litigation, Julie Aston was employed by the Federal Bureau of Prisons (BOP) as an Assistant Food Service Administrator at the Oakdale Federal Correctional Institution (OFCI).[1] On September 19, 2002, Aston received a phone call from Lieutenant John Gordon.[2] Lt. Gordon asked to speak with Lou Rockvam.[3] When Aston informed Lt. Gordon that Mr. Rockvam was unavailable and asked if she could assist him, he allegedly replied, "No, you can't

---

[1] Compl. ¶ 3.

[2] *Id.* ¶ 4. The Complaint erroneously alleges that the call was received on September 19, 2004.

[3] *Id.* ¶ 5.

1

help me; I need to talk to a man!"[4]

Aston complained of the incident to Executive Assistant to the Warden Donna Mott.[5] After hearing of Aston's complaint, Associate Warden Jeff Foster allegedly ordered the plaintiff to come in on her day off and apologize to Lt. Gordon in front of the entire executive staff.[6] Aston refused to comply.[7]

Aston alleges that prior to the incident she had always received outstanding employee performance evaluations, but that following the incident, she received poor evaluations.[8] Apparently, Aston received the first of these poor evaluation on July 1, 2003.[9] The next day she contacted an Equal Employment Opportunity (EEO) counselor and discussed the September 19, 2002 incident and the July 1, 2003 evaluation.[10]

On September 22, 2003, Aston filed a formal EEO complaint, alleging race discrimination (white), sex discrimination (female), sexual harassment, and reprisal.[11] On May 5, 2005, after a hearing, an Equal Employment Opportunity Commission (EEOC) administrative judge (AJ) issued

---

[4] *Id.* ¶¶ 5-6.

[5] *Id.* ¶¶ 7-8.

[6] *Id.* ¶¶ 10-11.

[7] *Id.* ¶ 11.

[8] *Id.* ¶¶ 12-13.

[9] The Complaint does not reference any of the allegedly poor evaluations. The defendant, however, directs the court to a July 1, 2003 Performance Log entry. On this entry, Aston received a rating of "fully satisfactory," rather than "exceeds," in two of the six job elements.

[10] *See* Def.'s Ex. 3 (EEO Counselor Rep.).

[11] *See* Def.'s Ex. 4, at 1 (EEO Compl.).

2

a ruling in favor of the agency.[12] The AJ reasoned that because Aston failed to state an actionable claim for discrimination as to the timely reported July 2003 evaluation incident, the September 2002 apology could not be considered timely under a harassment theory.[13]

On June 24, 2005, the Department of Justice (DOJ) issued a Final Agency Decision wherein it determined that the September 2002 incident was part of a continuing violation and therefore made timely by the filing of the July 2003 evaluation claim.[14] However, the DOJ concurred in the result and affirmed the AJ's finding of no discrimination.[15] Aston was notified of her right to appeal the DOJ's decision to the EEOC's Office of Federal Operations.[16]

Aston lodged an appeal with the EEOC. By a December 22, 2205 written decision, the EEOC affirmed the DOJ's final order and adopted the findings of the AJ.[17] Aston was informed of her right to either seek reconsideration of the decision or file a civil action.[18] Aston filed the instant action on March 21, 2006.

## RULE 12(b)(1) STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of the court. FED.R.CIV.P. 12(b)(1). The court may

---

[12] Def.'s Ex. 5, at 1 (AJ Decision).

[13] *Id.* at 2, 7.

[14] Def.'s Ex. 6, at 3 (DOJ Final Order).

[15] *Id.*

[16] *Id.* at 1.

[17] Def.'s Ex. 7, at 4 (EEOC Decision).

[18] *Id.* at 4-6.

dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161 (citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D.Tex. 1995)).

On a Rule 12(b)(1) motion, the court is empowered to consider matters of fact which may be in dispute. *Id.* (citing *Williamson*, 645 F.2d at 413). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

The dismissal of an action on the basis of a lack of subject matter jurisdiction is not an adjudication upon the merits and does not prevent the plaintiff from pursuing a claim in a court that has proper jurisdiction. *Id.*; FED.R.CIV.P. 41(b).

## ANALYSIS

"There are two requirements for filing a Title VII action in federal court: 1) the complaint must be filed within the time allotted by Title VII, and 2) the complainant must first have exhausted her administrative remedies. Failure to comply with either of these requirements wholly deprives the district court of jurisdiction over the case; it is the well-settled law of this circuit that each requirement is a prerequisite to federal subject matter jurisdiction." *Tolbert v. U.S.*, 916 F.2d 245, 247-48 (5th Cir. 1990).

As to the first requirement, Title VII provides that a claimant has ninety days to file a civil

action after receipt of notice of the final EEOC decision. 42 U.S.C. § 2000e-16(c). In the instant case, there is no evidence of exactly when Aston received notice of the EEOC decision. The copy of the decision attached to the defendant's brief bears a stamp indicating that the decision was received by the BOP on January 17, 2006.[19] Assuming that Aston received a copy of the decision around the same time, her complaint, filed March 21, 2006, would have been timely filed.[20]

As to the exhaustion requirement, 29 C.F.R. § 1614.405 provides that a written decision of the EEOC Office of Federal Operations "is final...unless the Commission reconsiders the case." As there is no evidence that either the DOJ or Aston sought reconsideration of the EEOC's decision, the decision constituted final agency action. Thus, Aston has satisfied the exhaustion requirement and carried the burden of establishing subject matter jurisdiction.

Notwithstanding, the court questions whether Aston's complaint states a claim upon which relief may be granted. The complaint raises only the September 2002 incident and alleges that "immediately following this incident she began to receive poor evaluations." As the defendant has pointed out and as the administrative decisions have found, Aston failed to timely contact an EEO counselor within 45 days of this incident. Moreover, if the "poor evaluations" complained of is the July 1, 2003 Performance Log entry, this evaluation was received nearly 10 months after the incident and did not appear to affect Aston's overall, annual evaluation.

Accordingly, the Motion to Dismiss filed on behalf of the defendant will be denied. The

---

[19] *See* Def.'s Ex. 7.

[20] The Certificate of Mailing by the EEOC presumes that a decision is received within five calendar days of mailing. The EEOC indicates that the decision was mailed on December 22, 2005. Even assuming Aston received the decision on December 27, 2005, her civil suit would have been timely filed within the 90 day limitation period.

5

plaintiff is hereby given notice that the court will consider, *sua sponte*, whether the complaint should be dismissed for failure to state a claim. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Intern., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984) (a district court may dismiss a complaint on its own for failure to state a claim if it employs fair procedure).

Lake Charles, Louisiana, this **23rd** day of **April**, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE