RECEIVED
IN LAKE CHARLES, LA
NOV - 2 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JULIE A. ASTON | : | DOCKET NO. 2:06 CV 0456 |
| VS. | : | JUDGE MINALDI |
| ALBERTO GONZALES, ATTORNEY GENERAL, UNITED STATES JUSTICE DEPARTMENT, FEDERAL BUREAU OF PRISONS | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 27] filed on behalf of defendant Alberto Gonzales in his official capacity of Attorney General for the U.S. Justice Department, Federal Bureau of Prisons ("the Department"). The plaintiff, Julie Aston ("Aston"), did not file a reply.

## BACKGROUND

Aston began working for the Federal Bureau of Prisons ("BOP") in September 1996, and during this litigation was employed in Food Service as an Assistant Food Service Administrator at the Oakdale Federal Correctional Institution ("OFCI").[1] On September 19, 2002, Aston received a phone call from Lieutenant John Gordon.[2] Lt. Gordon asked to speak with Lou

---

[1] Compl. ¶ 3.

[2] *Id.* ¶ 4. The Complaint erroneously alleges that the call was received on September 19, 2004.

1

Rockvam.[3] When Aston informed Lt. Gordon that Rockvam was unavailable and asked if she could assist him, he allegedly replied, "No, you can't help me; I need to talk to a man!"[4]

Aston complained of the incident to Executive Assistant to the Warden Donna Mott.[5] After hearing of Aston's complaint, Associate Warden Jeff Foster allegedly ordered the plaintiff to come in on her day off and apologize to Lt. Gordon in front of the entire executive staff.[6] Aston refused to comply.[7]

Aston alleges that prior to the incident she had always received outstanding employee performance evaluations, but that following the incident, she received poor evaluations.[8] Apparently, Aston received the first of these poor evaluation on July 1, 2003.[9] The next day she contacted an Equal Employment Opportunity ("EEO") counselor and discussed the September 19, 2002 incident and the July 1, 2003 evaluation.[10]

On September 22, 2003, Aston filed a formal EEO complaint, alleging race

---

[3] *Id.* ¶ 5.

[4] *Id.* ¶¶ 5-6.

[5] *Id.* ¶¶ 7-8.

[6] *Id.* ¶¶ 10-11.

[7] *Id.* ¶ 11.

[8] *Id.* ¶¶ 12-13.

[9] The Complaint does not reference any of the allegedly poor evaluations. The defendant, however, directs the court to a July 1, 2003 Performance Log entry. On this entry, Aston received a rating of "fully satisfactory," rather than "exceeds," in two of the six job elements.

[10] *See* Def.'s Ex. 3 (EEO Counselor Rep.).

discrimination (white), sex discrimination (female), sexual harassment, and reprisal.[11] On May 5, 2005, after a hearing, an Equal Employment Opportunity Commission ("EEOC") administrative judge ("AJ") issued a ruling in favor of the agency.[12] The AJ reasoned that because Aston failed to state an actionable claim for discrimination as to the timely reported July 2003 evaluation incident, the September 2002 apology could not be considered timely under a harassment theory.[13]

On June 24, 2005, the Department of Justice ("DOJ") issued a Final Agency Decision wherein it determined that the September 2002 incident was part of a continuing violation and therefore made timely by the filing of the July 2003 evaluation claim.[14] However, the DOJ concurred in the result and affirmed the AJ's finding of no discrimination.[15] Aston was notified of her right to appeal the DOJ's decision to the EEOC's Office of Federal Operations.[16]

Aston lodged an appeal with the EEOC. In a December 22, 2005 written decision, the EEOC affirmed the DOJ's final order and adopted the findings of the AJ.[17] Aston was informed of her right to either seek reconsideration of the decision or file a civil action.[18] Aston filed the

---

[11] *See* Def.'s Ex. 4, at 1 (EEO Compl.).

[12] Def.'s Ex. 5, at 1 (AJ Decision).

[13] *Id.* at 2, 7.

[14] Def.'s Ex. 6, at 3 (DOJ Final Order).

[15] *Id.*

[16] *Id.* at 1.

[17] Def.'s Ex. 7, at 4 (EEOC Decision).

[18] *Id.* at 4-6.

instant action on March 21, 2006. Aston filed her First Supplemental and Amended Complaint on May 30, 2007.[19]

Aston amended her Complaint to state that although she failed to initiate contact with an EEO counselor within forty-five days of the date of the matter alleged to be discriminatory,[20] the exception articulated in 29 C.F.R. § 1614.105(a)(2) applies.[21] Aston avers that her claim should be equitably tolled because her supervisor, Kevin Spry ("Spry"), cautioned her against filing a complaint with the EEOC and warned Aston her career at the bureau would be over if she filed a complaint.[22] Additionally, Aston contends that "this matter was not a single isolated event; it was a series of events that led to her decision and in effect her knowledge that she was being discriminated against."[23]

## **RULE 12(b)(6)**

Pursuant to Federal Rule 12(b), if a motion to dismiss presents matters outside the pleading and are not excluded by the court, the motion shall be treated as one for summary judgment under Federal Rule 56, and all parties will be given a reasonable opportunity to present all material relevant to a motion for summary judgment. FED. R. CIV. P. 12(b). Accordingly, this court will treat the defendant's motion to dismiss pursuant to Rule 12(b)(6) solely as a motion for

---

[19] Pl.'s First Supp. and Amended Compl.

[20] This is required by 29 C.F.R. § 1614.105(a).

[21] Pl.'s First Supp. and Amended Compl. ¶ 17. The exception permits equitable tolling of the forty-five day requirement.

[22] *Id.* ¶ 19-20.

[23] *Id.* ¶ 18.

4

summary judgment under Federal Rule 56(c).

## RULE 56(c)

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that demonstrate the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1975). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party...." *Id.*

## ANALYSIS

The exhaustion of administrative remedies is a pre-requirement to bringing suit under Title VII. *Teemac v. Henderson*, 298 F.3d 452, 454 (5th Cir. 2002). Plaintiffs are required to report the underlying claims or events to the agency within forty-five days of their occurrence. 29 C.F.R. § 1614.105(a)(1). This requirement "operates like a statute of limitations and may be

tolled only if the plaintiff pleads and proves equitable reasons for noncompliance." *Lessman v. Tenet*, 362 F. Supp.2d 33, 35-36 (D.D.C. 2007). The relevant provision, 29 C.F.R. § 1614.105(a)(2), states:

> [t]he agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this action when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or this Commission.

The party seeking equitable tolling bears the burden of proof. *Teemac*, 298 F.3d at 457. Courts grant equitable tolling in "exceptional circumstances." *Id.* Exceptional circumstances most often arise when the defendant actively mislead the plaintiff about her cause of action, or otherwise prevented the plaintiff "in some extraordinary way from asserting [her] rights." *Id.*; *see also Tenet*, 362 F. Supp.2d at 36 (noting that tolling should be exercised only in "extraordinary and carefully-circumscribed instances"). Moreover, the EEOC has made it clear that a plaintiff's fear of retaliation is insufficient to toll the statute of limitations. *Castillo v. Dept. of the Army*, 2007 WL 1235021 (E.E.O.C., April 20, 2007).

The time limitation begins to run when "a plaintiff knows or reasonably should know that the discriminatory act has occurred." *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992). "To allow plaintiffs to raise employment discrimination claims whenever they begin to suspect that their employers had illicit motives would effectively eviscerate the time limits prescribed for filing such complaints." *Id.*

The Department argues that Aston did not comply with Title VII's exhaustion

6

requirement because she failed to contact an EEO counselor within forty-five days of the alleged discriminatory act. The Department further argues that equitable tolling is unavailable to Aston because equitable tolling is an extraordinary remedy, and is available only when the plaintiff is prevented from timely filing by circumstances beyond her control. Here, the Department argues, Aston's supervisor, Spry, did not prevent Aston from filing. The Department proffers Spry's deposition testimony, where Spry stated that although he would let the issue "drop," Aston was "free to do whatever she want[ed] to do." Def.'s Ex. 8, p. 71. The Department further argues that the forty-five day period was triggered on September 19, 2002, when Lt. Gordon allegedly made his discriminatory comment.

In her First Amended and Supplemental Complaint, Aston admits she failed to exhaust her administrative remedies by failing to initiate the pre-complaint process within forty-five days of the alleged discriminatory action on September 19, 2002. Aston, however, argues that this court should equitably toll the forty-five day period because her supervisor prevented her from contacting an EEO counselor. Aston also indicates that there is some "series of events" that led to her knowledge that the initial September 19, 2002 incident may have been discriminatory.

Here, it is undisputed that Aston failed to contact an EEO counselor within forty-five days of the alleged discriminatory act. As the movant for summary judgment, the Department met its burden of identifying portions of pleadings that demonstrate the lack of a genuine issue of material fact. The Department has presented competent summary judgment evidence in the form of the testimony of Spry from the EEOC hearing. This testimony establishes that while Spry initially cautioned Aston from filing an EEOC claim, as a friend, he at all times stated she should do what she needed to do. This conduct does not rise to the legal standard courts require for

equitable tolling, which would require Spry to actively mislead Aston about her cause of action or otherwise prevent Aston in some extraordinary way from asserting her rights. Furthermore, Aston's forty-five day period began running on September 19, 2002, when Lt. Gordon allegedly made his comment about needing to speak to a man.

Thus, because the Department has satisfied its burden for summary judgment on the issue of failure to exhaust, the burden shifts to Aston to demonstrate there are specific facts that present a genuine issue for trial. Aston failed to respond to the Department's Motion for Summary Judgment; however, the court is also required to view the record as a whole to determine whether there is anything that could lead a rational finder of fact to find for the non-moving party. Aston avers this court should equitably toll the time period because her supervisor cautioned her against filing a complaint with the EEOC, but Aston fails to present competent summary judgment evidence to satisfy her burden that a genuine issue of fact remains for trial. After viewing the record as a whole, this court concludes that the record presents nothing that would warrant a rational finder of fact to conclude Aston's claim should be equitably tolled.

Accordingly, the Department's Motion for Summary Judgment is granted. Because the Department's motion is dismissed due to Aston's failure to exhaust her administrative remedies, this court need not reach the Department's additional arguments that Aston cannot state a claim for gender discrimination, retaliation, or hostile work environment.

Lake Charles, Louisiana, this ___1___ day of ___Nov___, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE